IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO: 22-14099

DONALD J. TRUMP,

*Plaintiff-Appellant,*

v.

HILLARY R. CLINTON, et al.,

*Defendants-Appellees.*

MOTION OF APPELLEE CHARLES HALLIDAY DOLAN, JR., FOR DAMAGES AND COSTS PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 38

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(CASE NO. 22-CV-14102)
(THE HONORABLE DONALD M. MIDDLEBROOKS, J.)

George R.A. Doumar, admitted *pro hac vice*
Jonathan E. Levine
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Telephone: (703) 352-1300
gdoumar@doumarmartin.com

*Counsel for Appellee Charles H. Dolan, Jr.*

*Trump v. Clinton, et al.*
(Case No. 22-14099)

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Appellee Charles H. Dolan, Jr. ("Dolan") incorporates by reference the Certificate of Interested Persons in the Joint Defense Brief of Appellees [*see* CA11:154].

**MOTION FOR DAMAGES AND COSTS PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 38**

Appellee Charles Halliday Dolan, Jr., ("Appellee") moves for damages and costs pursuant to Federal Rule of Appellate Procedure 38. Donald J. Trump ("Trump") and his attorneys ("Appellants") were warned of the inaccuracy of the facts in their Complaint; despite warning Appellants misstated the same facts in the Amended Complaint. Appellants were warned of the inadequacy of Trump's legal arguments as to Dolan in particular; despite this Appellants still pressed forward with those same or even more exaggerated arguments. Appellants are fully aware that this lawsuit as to Mr. Dolan contained false information and was frivolous. Mr. Dolan was maligned as a member of a conspiracy, when in fact he only spoke with one other Defendant, and then only on networking issues. Accordingly, Mr. Dolan should be awarded just damages and double costs of defending this appeal.

This appeal is frivolous as (1) Appellants acted in bad faith and in reckless disregard of the facts and put forth deliberate misrepresentations of fact, and (2) Appellants were previously sanctioned for the same frivolous arguments put forth in this appeal.

1

**I. Mr. Trump and counsel barreled through warning after warning regarding his claims, despite lacking evidence, without verifying the facts, and despite compelling <u>contradictory evidence.</u>**

In the initial complaint, Appellants took a cavalier attitude towards the facts surrounding Mr. Dolan. The complaint alleged that Mr. Dolan was part of a conspiracy related to the Steele Dossier, which he was not. The complaint alleged that Mr. Dolan was chairman of the DNC, which he was not. The complaint alleged that Mr. Dolan was in contact with defendants other than Mr. Danchenko, which he was not. The complaint alleged that Mr. Dolan was the source of certain rumors of Mr. Trump's sexual activity, which Mr. Dolan was not. On May 31, 2022, counsel for Mr. Dolan warned counsel for Mr. Trump of such factual inaccuracies and warned that sanctions would be sought if Mr. Dolan was not dropped from the amended complaint. (DE 268-1).

Instead of changing or correcting the allegations, Mr. Trump filed an amended complaint reiterating these false allegations. (DE 177). The amended complaint was *worse* in some respects, declaring confidently that Mr. Dolan was a resident of New York when the record already reflected that he was a resident of Virginia. (DE 177, <u>see also</u> DE 27).

At this point, counsel for Mr. Trump was *again* warned of the

factual inaccuracies of the now amended complaint, by counsel for Mr. Dolan serving a Rule 11 motion. (DE 268). It explained, contrary to the false allegations of the amended complaint, that Mr. Dolan was never a "chairman of a national Democratic political organization," that his role in the Clinton Campaign was limited to knocking on doors as a volunteer, and that he was not and had never been a resident of New York. Id.

These facts are easily checked. And to state that Mr. Dolan was a high member of the Clinton Campaign betrays that the Complaint and Amended Complaint were not sourced with facts and research but sourced with fantasy instead. Then, having plowed through warning signs and crashed, instead of just pulling over to the side, somehow Appellants made their amended complaint worse, akin to leaving the scene smoking after the crash. That is the same Amended Complaint that Appellants still seek to have reinstated through this appeal.

It is not as if there was no time for Appellants to investigate the underlying facts of this case. They had adequate warnings that the claims were frivolous and factually incorrect. In cases like these, where appellants push forward without evidence to support their claims and in the face of compelling evidence refuting their claims, courts should "not

hesitate one whit in awarding [appellees] double costs and a reasonable attorney's fee for opposing [the] appeal" pursuant to FRAP 38. See Pelletier v. Zweifel, 921 F.2d 1465, 1523 (11th Cir. 1991).

Appellants claim that the factual source of at least some of Mr. Trump's claims against Mr. Dolan is the Indictment against Igor Danchenko ("Danchenko Indictment"). (DE 270). However, reading the Danchenko Indictment makes it utterly clear that Mr. Trump's allegations are short of the Indictment in that they ignore parts that are fatal to Mr. Trump's claim, and the allegations go beyond the Indictment to create wrongdoing on Mr. Dolan's part where there is none. (DE 270-2).

For example, the Danchenko Indictment says: "In or about April 2016, Danchenko and [Mr. Dolan] engaged in discussions regarding potential business collaboration between PR Firm-1 and UK Investigative Firm-1 on issues related to Russia." (DE 270-2 ¶ 23). The Amended Complaint, however, states: "In late April 2016 Danchenko began having discussions with Dolan about a potential business collaboration between Orbis Ltd. and Kglobal to create a 'dossier' to smear Donald J. Trump and to disseminate the false accusations to the

media." (Am. Compl. ¶ 96(c)). Mr. Trump twisted "issues related to Russia" into "disseminate [] false accusations to the media," a leap in logic that has no factual support.

Further, the Indictment alleges that "individuals affiliated with the Clinton Campaign did not direct, and were not aware of, the aforementioned meetings and activities with Danchenko and other Russian nationals" and that Mr. Dolan "was not aware at the time of the specifics of Danchenko's 'project against Trump,' or that Danchenko's reporting would be provided to the FBI," both of which are fatal to Mr. Trump's claims and neither of which are included in the Amended Complaint. (DE 270-1).

Here the falsehoods alleged deviate so heavily from the truth, that they show either a reckless failure to investigate the facts asserted or even deliberate misrepresentations. The allegations of Mr. Dolan's high-profile status in the Clinton Campaign and his alleged participation in a conspiracy have no factual source, and are misrepresentations designed to make a cheap political point rather than resolve an issue in controversy. A reckless failure to investigate the facts asserted and deliberate misrepresentations are both grounds for Rule 38 sanctions.

See Ass'n for Disabled Am., Inc. v. Pebb Enters. Sheops of Delray Ltd., 555 Fed. Appx. 876, 878 (11th Cir. 2014).

Appellants can find no salvation in their appeal to the Durham Report, even if it were to be considered, which it should not be. That report provides innuendo and speculation but provides no evidence that Mr. Dolan was involved in a conspiracy or ever spoke to another defendant other than Mr. Danchenko. (DE 343). That report provides no evidence that Mr. Dolan was chairman of the DNC or a high-ranking member of the Clinton Campaign. Id. That report provides no evidence that Mr. Dolan was the source of any rumors or information in the Steele Report. Id. Mr. Trump's claims remain frivolous and without evidence even when considering the Durham Report. Because Mr. Trump and his counsel brought claims with no factual support, and then reasserted those claims via appeal, Mr. Dolan should be awarded his costs and fees in defending the appeal.

## II. Appellants' Legal Arguments Ignore Established Fact, Established Precedent, and the Trial Court's Warnings.

Appellants' legal arguments frivolously attempt to avoid complying with personal jurisdiction, the statute of limitations, and the necessity of a predicate act, flying in the face of established law and facts. Given their

presentation of frivolous arguments to this Court, Mr. Trump and his attorneys should be sanctioned. See Farese v. Scherer, 342 F.3d 1223, 1232 (11th Cir. 2003) (sanctioning appellant when he presented "clearly frivolous claims in the face of established law and clear facts").

Mr. Trump and his counsel also present frivolous arguments as to the statute of limitations and alleged tolling of such. Appellants concede that Mr. Trump's claims are outside the limitations period. Contrary to law and the facts, Appellants assert that the claims were tolled during Mr. Trump's presidential term.

Mr. Trump's argument flies in the face of established precedent which requires that a plaintiff "must have been diligent in pursuit of [his] claims". China Agritech. Inc. v. Resh, 584 U.S. 732, 743 (2018) (citing McQuiggin v. Perkins, 569 U.S. 383, 391 (2013); and Menominee Tribe of Wis. V. United States, 577 U.S. 250, 255 (2016)). Mr. Trump, however, did not pursue his claims diligently and delayed bringing a claim until 2022, five years after his claims expired. Further, Mr. Trump ignores that the Supreme Court ruled that presidential duties **do not stay** civil litigation. Clinton v. Jones, 520 U.S. 681 (1997). Mr. Trump had full opportunity to bring his claims during any of the intervening years but

failed to pursue that opportunity diligently.

Mr. Trump's argument flies in the face of common sense, as Mr. Trump pursued other claims in his personal capacity while he was President. See Trump v. Vance, 140 S. Ct. 2412 (2020); Trump v. Mazars USA, LLP, 140 S. Ct. 2019 (2020); and Trump v. Comm. On Ways & Means, 391 F. Supp. 3d 93 (D.D.C. 2019). His duties did not affect his ability to personally engage in those civil suits. Mr. Trump and counsel ignore the fact that Mr. Trump can and did file civil lawsuit while President in order to make their frivolous equitable tolling argument. There can be no equitable tolling of a claim Mr. Trump did not diligently pursue.

### III. Mr. Dolan Deserves Reasonable Attorneys Fees and Double Costs as Trump Was on Notice That an Appeal on These Grounds Would Be Frivolous

Appellants' arguments here are the same arguments that were rejected as frivolous in the lower court. See Stubbs v. Comm'r of IRS, 797 F.2d 936 (11th Cir. 1986) (holding that appellant was warned his position was frivolous by the consistent rejection of the position by the trial court). The 11th Circuit has consistently sanctioned the appeals of frivolous claims when appellants were warned that their argument was frivolous

at the lower court. See Swanson v. United States, 2023 U.S. App. LEXIS 22915 (11th Cir. 2023); United States v. Coulton, 594 Fed. Appx. 563 (11th Cir. 2014); and Biermann v. Comm'r of Internal Revenue, 769 F.2d 707 (11th Cir. 1985).

Mr. Trump and Appellants had full notice that their facts were wrong, their claims were frivolous, and that any appeal on that same basis would be frivolous. Appellants worsened their Amended Complaint from Mr. Dolan's perspective, suddenly misstating his state of residence. Exaggerating his importance in the Democratic party and Clinton campaign, even making him a New York resident, may have served the narrative of Mr. Dolan being a high-level conspirator, but it was all false. The Appellants' own appellate brief highlights that they were warned by the trial court that their allegations were "absurd, frivolous, or mere political narrative." Appellants' Brief, p. 68 (quotations removed).

Mr. Dolan deserves just damages and double costs under Federal Rule of Appellate Procedure 38 for defending this frivolous appeal after Appellants were put on notice that their claims were frivolous. Continuing to press forward without making corrections after receiving a warning letter, then plowing ahead further after being served with a

9

Rule 11 motion, merit sanctions. All Appellants had to do was make some changes, in which case Mr. Dolan would at least have had to modify his Rule 11 motion and serve it again. Instead, Mr. Dolan was able to file the Rule 11 motion he served. Appealing as to Mr. Dolan in particular wastes the time, money, and energy of Mr. Dolan and the court system itself. Going forward in bad faith in this manner should be sanctioned by the Court in its harshest manner.

## **CONCLUSION**

Appellants were warned over and over again. They were warned that even the most basic facts in their complaint are wrong. They were warned that they can't twist the Danchenko Indictment to allege things that it did not allege. They were warned that there's no jurisdiction over Mr. Dolan, and that there is no cause of action alleged against him. They were warned that the arguments they made in the lower court are frivolous, and any appeal on such arguments would also be frivolous. Appellants ignored all these warnings in bringing this appeal. Accordingly, Appellants should be sanctioned, and Mr. Dolan should be granted just damages and double costs.

Respectfully submitted,

  */s/ George R. A. Doumar*
George R. A. Doumar

Admitted Pro Hac Vice
Jonathan E. Levine, Esquire
Florida Bar No. 937711
Mahdavi Bacon Halfhill & Young, PLLC
11350 Random Hills Road, Suite 700
Fairfax, Virginia, 22030
Tel: (703) 352-1300
Fax: (703) 352-1301
Email: gdoumar@doumarmartin.com

*Counsel for Charles Dolan*

# CERTIFICATE OF COMPLIANCE
# WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I certify that this document complies with the length limit of Fed. R. App. P. Rule 27(d)(2)(A) because this document contains 2,036 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared using Microsoft Word 2010 in Century Schoolbook, 14-point font.

/s/ *George R.A. Doumar*
George R.A. Doumar

# CERTIFICATE OF SERVICE

I certify that on July 9, 2024, I electronically filed the foregoing brief with the United States Court of Appeals for the Eleventh Circuit by using the appellate NextGen System. I certify that all participants in the case are registered NextGen users and that service will be accomplished by the appellate NextGen system.

/s/ *George R.A. Doumar*
George R.A. Doumar
